## SUPREME COURT.

### Collins agt. Standish Jr.

COSTS (*On statute foreclosure*).

—————— *Special Term,* —————— 1852. *Taxation of costs upon statute foreclosure.* The facts appear in the opinion below.

B. F. Agan, *for Taxation.*

J. C. Hopkins, *Opposed.*

Harris, Justice.—The first objection to the bill presented for taxation involves the question, whether the notice of sale is unnecessarily long. It is charged in the bill at 17 folios. It in fact contains about 14 folios. Of this, about one half is made by the recital of various assignments of the bond and mortgage. All this was unnecessary. All that the statute requires in this respect is that the notice should specify the names of the mortgagor and mortgagee, and the assignee, if there be any. Nearly another folio is occupied with the statement of the fact that a judgment had been recovered upon the bond, and an execution had been

issued thereon and returned unsatisfied. Nothing of this kind is required to be inserted in the notice (2 *R. S.* 546, § 4). The notice is otherwise unreasonably prolix. All that the statute required to be inserted in such a notice might well have been embraced within the limits of six folios; but I shall tax it at *eight*. To allow more than this, would be a violation of duty (2 *R. S.* 653, § 5).

The next objection relates to the time of publication. Though it was continued twenty six weeks, it is insisted that the expense of only twenty-four weeks publication can be allowed. This is the language of the statute (2 *R. S.* 652, § 4, *sub.* 3). That provision was inserted in the statute when it was necessary to continue the notice for twenty-four weeks. When the time for publication was reduced to twelve weeks, by the act of 1842, this section was left unchanged. But in a case like this, the limitation specified ought not to be applicable. The party resisting this taxation obtained an injunction restraining the assignee of the mortgage from selling, but allowing the continuance of the notice. The notice must have been continued or the assignee would be subjected to the loss of the expenses already incurred. In this way, the sale was necessarily delayed, and that too, by the act of the party now to be charged with the costs, until the notice had been continued twenty-six weeks. Under these circumstances, I think, it does not lie with him to object to the length of the time of publication. I shall, therefore, allow for the publication of the notice for the whole period of twenty six weeks. The proof before me is sufficient to authorize an allowance of the fees fixed by statute for printing the notice (2 *R. S.* 648, § 45).

The costs of a statute foreclosure, except as modified by the act of 1844, are the same now, as when the Revised Statutes were enacted. The attorney is to be allowed for drawing the advertisement and other proceedings, and for all necessary copies, the same fees, and at the same rates of compensation, as attorneys were allowed for the draft and copies of pleadings under the fee bill of 1830 (2 *R. S.* 652, § 4, *sub* 1). This rate of compensation has not been changed by any of the subsequent changes in the fee bill.

Collins agt. Standish Jr.

The act of 1844 makes an allowance of one dollar for serving each copy of the notice of sale required by law. I think this allowance is distinct from, and in addition to the charge for making the copy of the notice to be served. But neither the copy notice nor the charge for serving can be allowed, except in cases where the service of such notice is rendered necessary in order to effect a complete foreclosure. Those cases are specified in the third subdivison of the fourth section of the act relating to the foreclosure of mortgages by advertisement, as amended in 1844. The persons who are to be served with such notice are the mortgagor himself, or his personal representatives; subsequent grantees and mortgagees whose conveyances and mortgages are upon record, and persons having a lien upon the premises by judgment or decree junior to the lien of the mortgage. It is not pretended that any of the persons served with notice in this case are within the description of the statute, except the mortgagor himself. If, therefore, the attorney who conducted the foreclosure has seen fit to serve notices of the sale upon other persons than those mentioned in the statute, he can not be allowed for such services as a lawful charge upon the foreclosure. It may have been a prudent measure to serve such notices, but not being required by law, they are not taxable against the party who is liable for the expenses of the foreclosure.

Upon the principles thus briefly stated the following items only of the bill before me are taxable:

Dr. notice of sale fo. 8 and copy at 3s., _____ _____ $3·00
Copy notice for printer at 1s., ____ ____ ____ ____ _____ 1·00
Copy notice for posting at 1s., ____ ____ ____ ____ _____ 1·00
Dr. and copy affidavit of posting fo. 2., ____ ____ _____ 75
Copy notice annexed fo. 8, _____ _____ _____ _____ 1·00
Oath to same, _____ _____ _____ _____ ____ __ ___ 12½
Printer publishing 26 weeks at 8 fo., _____ ____ ____ 44·00
Dr. affidavit of publication fo. 3 and copy, _____ _____ 1·12½
Oath to same, _____ ___ ____ _____ ____ _____ ____ 12½
Copy notice annexed fo. 8, _____ _____ _____ _____ 1·00
Copy notice to serve on mortgagor, ____ ____ ____ ____ 1·00
Serving notice, ____ ____ ____ ___ ____ ____ ____ _____ 1·00
Dr. and copy affidavit of service fo. 2, ____ ____ _____ 75

| | |
|---|---:|
| Copy notice annexed 8s., oath 1s., .... ....... ...... | 1·12½ |
| Postage on letter to clerk and answer, .... ....... .... | 10 |
| " " have notice posted, .... .... ...... | 10 |
| " two adjournments, .... .... .... .... .... . | 20 |
| Clerk's fees for searches, .... .... .... .... .... ...... | 2·26 |
| Dr. affidavit of circumstances of sale, fo. 4 and copy and | |
| oath, .... .... .... .... .... .... .... .... ...... . | 1·62½ |
| Superintending sale, &c., .... .... .... .... .... . .... | 10·00 |
| Recording affidavits (fees actually paid), .... .... .... | |

The bill presented contains other charges for services which have been actually and necessarily rendered, such as posting the notices of adjournment and affidavits, showing that such notices were duly posted. But the legislature has provided no compensation for such services. It has declared that in the taxation of the costs and expenses of foreclosure, the allowances mentioned in the 4th section of the act above referred to, and *those only* shall be taxed.